UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN SIGUR,<br><br>           Plaintiff,<br><br>      vs.<br><br>J. LOPEZ,<br><br>           Defendant. | 1:14-cv-01852-GSA-PC<br><br>ORDER DENYING REQUEST FOR COURT TO STOP RETALIATION (Doc. 12.) |

      Keenan Sigur ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 3, 2014.  (Doc. 1.)  On December 22, 2014, Plaintiff filed the First Amended Complaint, which awaits the court's requisite screening.  (Doc. 8.)

      On December 22, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

      On February 20, 2015, Plaintiff filed a request for court assistance in resolving ongoing acts of retaliation against him.  (Doc. 12.)  Plaintiff asserts that he has been detained in the

Reception Center for seven months and is not allowed to talk to family and friends, which affects his mental health.

The court lacks jurisdiction to grant Plaintiff's request. Because the defendant has appeared in this action, the court lacks jurisdiction over the defendant. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Moreover, the court lacks jurisdiction because the relief Plaintiff seeks would not address Plaintiff's excessive force claim which is the basis of this action. Further, the court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). Accordingly, the court shall defer to the prison's policies and practices in detaining inmates in the Reception Center and denying visitation rights. Therefore, Plaintiff's request for assistance shall be denied.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for court assistance is DENIED.

IT IS SO ORDERED.

Dated:   **February 23, 2015**                    **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE