UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN SIGUR,<br><br>        Plaintiff,<br><br>    vs.<br><br>J. LOPEZ,<br><br>        Defendant. | 1:14-cv-01852 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] Plaintiff consented to proceed before a magistrate judge on December 22, 2014 (ECF No 6).

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . . applies only to a plaintiff's factual allegations." Nietze v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting Ivey v.Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

This action proceeds on the December 22, 2014, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Folsom State Prison, brings this civil rights action against defendant J. Lopez, a correctional officer employed by the CDCR at Kern Valley State Prison, where the event at issue occurred. Plaintiff claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff alleges that on July 23, 2014, there was "an on-going incident regarding Latino and Black inmates." Two days prior, Plaintiff had been moved to Facility C1B from C East "for reasons that another correctional officer clearly had no regulated right." Defendant ordered several Latino inmates to get on to their bunks. Defendant Lopez then went into an office. The Latino inmates began fighting as Defendant Lopez re-emerged from the office.

Plaintiff moved towards Defendant "in fear for my life." Defendant ran towards the exit gate and instructed Plaintiff to move away. Upon exiting the unit, Defendant "dropped his baton or flashlight" which was used by a Latino inmate to strike Plaintiff several times on his arms and back. Plaintiff seeks compensatory damages

**Eighth Amendment**

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). "Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

Here, Plaintiff fails to allege facts from which an inference could be drawn that Defendant knew of a specific harm to Plaintiff and disregarded that harm. The facts alleged indicate that Defendant Lopez, in response to a disturbance involving multiple inmates, directed Plaintiff to move away from him, and retreated for his own safety. There are no facts alleged indicating that Defendant knew that the disturbance was about to occur, or that Defendant deliberately left a weapon for another inmate to use to harm Plaintiff. That Defendant Lopez reacted for his own safety and to summon help does not subject him to liability because Plaintiff was injured. Plaintiff must allege some facts indicating that Lopez acted with the intent to harm Plaintiff. An allegation that Lopez dropped his baton or flashlight while retreating does not indicate deliberate indifference. The first amended complaint should therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold Defendant Lopez liable, Plaintiff must explain how Lopez knew of and disregarded a danger to Plaintiff. Plaintiff must describe what Defendant did to violate the particular right described by Plaintiff.

### III.   Conclusion

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007)(citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete and in and of itself without reference to the prior or superseded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)).

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;

2.	The Clerk's Office shall send to Plaintiff a complaint form;

3.	Within **thirty** days from the date of service of this order, Plaintiff shall file an amended complaint;

4.	Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.	If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 16, 2015**                           **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE