# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN SIGUR,<br><br>             Plaintiff,<br><br>      v.<br><br>CDCR,<br><br>             Defendant. | Case No. 1:14-cv-01852-BAM-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Pending before the Court is Plaintiff's June 17, 2015, second amended complaint, filed in response to the May 18, 2015, order dismissing the first amended complaint with leave to file an amended complaint. (ECF No. 15.)

## I.

## SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on December 22, 2014. (ECF No. 6.)

1

that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a Plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PROCEDURAL HISTORY

The original complaint was filed in this action on November 3, 2014. Plaintiff filed a first amended complaint on December 22, 2014 and a second amended complaint on June 17, 2015. Plaintiff, then in the custody of the California Department of Corrections and Rehabilitation (CDCR), brought this action against Defendant Correctional Officer J. Lopez, employed by the CDCR at Kern Valley State Prison, where the event at issue occurred. Plaintiff claimed that Defendant Lopez was deliberately indifferent to a risk of harm to Plaintiff in violation of the Eighth Amendment.

## III.

## ALLEGATIONS

In the first amended complaint, Plaintiff alleged that on July 23, 2014, there was an incident involving African-American and Latino inmates. Two days prior, Plaintiff had been moved to Facility C1B from C East. Defendant Lopez ordered several Latino inmates to get on to their bunks. Defendant then went into an office. The Latino inmates began to fight as Defendant re-emerged from the office. Plaintiff moved towards Defendant for his own safety. Defendant ran towards the exit gate and instructed Plaintiff to move away. Upon exiting the unit, Defendant dropped his flashlight, which was used by a Latino inmate to strike Plaintiff several times on his arms and back.

In the June 17, 2015, second amended complaint, Plaintiff names as the sole Defendant the CDCR. Plaintiff's statement of claim, in its entirety, is that "on 7-23-14 there was a riot in Dorm C-1-B. We were escorted and separated from the Hispanic inmates for a few hours. We later were placed in the same dorm with said Hispanic inmates at which time a blackout or power outage occurred in the North Kern State Prison. (Am Cmp. ¶ IV.)

## IV.

## ANALYSIS

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 456 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)(quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an

3

1 inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to
2 act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841
3 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

4       In the order dismissing the complaint, Plaintiff was advised that he failed to allege facts
5 from which an inference could be drawn that C/O Lopez knew of a specific risk harm to Plaintiff
6 and disregarded that risk. The facts alleged indicated that Lopez, in response to a disturbance
7 involving several inmates, directed Plaintiff to move away from him, and retreated for his own
8 safety. There were no facts alleged indicating that Lopez knew that the disturbance was about to
9 occur, or that Lopez deliberately left a weapon for another inmate to use to harm Plaintiff. That
10 Lopez reacted for his own safety and to summon help did not subject him to liability because
11 Plaintiff was injured. Plaintiff was specifically advised that an allegation that Lopez dropped his
12 flashlight while retreating does not establish deliberate indifference. Plaintiff was directed to file
13 a second amended complaint that explained how Lopez knew of and disregarded a danger to
14 Plaintiff.

15       Plaintiff has failed to correct the identified deficiency. Plaintiff does not name C/O
16 Lopez as a Defendant, and does not refer to, or allege any conduct by, C/O Lopez. Nothing in
17 the second amended complaint indicates an intention to harm Plaintiff, or that any individual
18 knew of a particular risk of harm to Plaintiff and consciously disregarded that risk. There are no
19 allegations from which the Court can infer that Plaintiff was injured as a result of the conduct of
20 any individual.

21       Further, the only named Defendant is the CDCR. The Eleventh Amendment prohibits
22 federal courts from hearing suits brought against an unconsenting state. The Eleventh
23 Amendment has long been construed to extend to suits brought against a state by both its own
24 citizens, as well as by citizens of other states. Brooks v. Sulphur Springs Valley Elec. Coop.,
25 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44
26 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144
27 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

28       The Eleventh Amendment bars suits against state agencies as well as those where the

state itself is named as a defendant.  Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989).   The CDCR, an agency of the state of California, is therefore immune from suit.

## V.

## CONCLUSION AND ORDER

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint fails to correct the deficiencies identified in the order dismissing the first amended complaint.  Based upon the allegations in Plaintiff's original complaint and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a violation of the Eighth Amendment and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief could be granted; and
2. This action count as a strike pursuant to 28 U.S.C. § 1915(g).
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 20, 2016**                               /s/ *Barbara A. McAuliffe*          
                                                                 UNITED STATES MAGISTRATE JUDGE

5